# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL A. MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-1313-WEB-DWB ) |
| ERIC K. SHINSEKI, *et al.*, | ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION OF
## DENIAL OF IFP STATUS

Plaintiff Daniel A. Martinez filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application) with attached affidavit of financial status. (Doc. 3, sealed.) Having reviewed this motion, as well as Plaintiff's employment discrimination complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the

courts are available to all citizens, not just those who can afford to pay. *See **Yellen v. Cooper***, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See **Patillo v. N. Am. Van Lines, Inc**.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his affidavit, Plaintiff, who is 55 years old, states he is married with three dependents (consisting of his 58 year old wife, a 23 year old daughter, and a three year old grandchild).[1] He indicates, however, that he gives them no monthly financial support. (Doc. 3, sealed, at 2.) He is not currently employed, but previously worked for "Veterans Affairs" for seven months. (*Id*., at 5.) He also lists an estimated amount of unemployment benefits, which the Court surmises is a total, rather than monthly, figure. (*Id*., at 6.) Plaintiff's wife continues to earn a modest monthly income. (*Id*., at 5.)

Plaintiff owns one modest vehicle outright and continues to make payments

---

[1] Based on the information provided, the Court need not determine whether Plaintiff's wife, who is gainfully employed, and/or his adult daughter qualify as "dependents" for purposes of this motion.

on a relatively new minivan. (*Id*., at 6.) He also lists a sizeable amount of cash on hand in his wife's account, although he indicates it is designated "to pay this month's bills." (*Id*.) He and his wife own their home; although they still owe on the mortgage, they have a sizeable amount of equity in the property. (*Id*. at 5-6.)

Plaintiff lists the typical household expenses for groceries, gas, utilities, cable, and insurance. (*Id*., at 7.) All of the amounts seem reasonable, in the Court's opinion. Plaintiff also enumerates a troubling amount of monthly credit card bills, most of which are indicated to be past due. (*Id*., at 7-8.) According to Plaintiff's calculations, payments on these credit cards total $500.00 a month more than his wife earns at her job.

Based on the information contained in Plaintiff's financial affidavits, his monthly household expenses appear to exceed his monthly household income. Because the Court does not know the amount of Plaintiff's monthly unemployment benefits, or whether such benefits are continuing, the Court cannot determine the monthly shortfall with certainty. Even so, considering the significant amount of cash on hand listed by Plaintiff, in addition to the substantial equity in his home and at least one automobile, the Court finds that he is capable of paying the requisite filing fee. Under these circumstances, the undersigned Magistrate Judge

**recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[2]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) be **DENIED**.

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 28th day of December, 2009.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[2] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. **Lister v. Department of Treasury**, 408 F.3d 1309, 1311-12 (10th Cir. 2005).