# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANIEL A. MARTINEZ,         )
                                 )
         Plaintiff,        )
                                 )
vs.                             )      Case No. 09-1313-WEB-DWB
                                 )
ERIC K. SHINSEKI, *et al.,*     )
                                 )
         Defendants.     )
_____ )

## MEMORANDUM AND ORDER

Now pending before the Court are the following motions of the parties:

1)     Plaintiff's "Motion to Deny Federal US Attorney Representation for the Above Defendants Who Have Been Sued As Individuals and Engaged in Acts Outside Their Course of Employment" (Doc. 6), with Defendants' response (Doc. 17);

2)     Plaintiff's "Motion to Hold Action in Abeyance" (Doc. 20), with Defendants' response (Doc. 27);

3)     Plaintiff's "Motion to Strike Defendant Eric Shinseki Response to Plaintiff's Motions as There is No Attorney of Records for the Remaining Above Defendants" (Doc. 28), with Defendants' response (Doc. 38);

4)     Plaintiff's "Motion for Leave to File Motion in Excess of 30 Pages to Prove to the Court Plaintiff has Standing to File a Cause of Action Against

Individual Federal Employees" (Doc. 30), with
Defendants' response (Doc. 39) and Plaintiff's
reply (Doc. 44);

5)      Defendants' "Motion for Entry of Protective Order
Striking Plaintiff's Untimely Discovery and
Prohibiting Further Untimely Discovery" (Doc.
36), with Plaintiff's response (Doc. 43) and
Defendants' reply (Doc. 49); and

6)      Plaintiff's "Motions a Request [sic] for the Court
to Order Discovery and to Hold Action in
Abeyance for the Substitution of the Federal
Government in Place of the Named Defendants
Pending the Completion of Discovery and Motions
the Court to Allow 42 U.S.C. § 1981" (Doc. 41),
and Defendants' response (Doc. 50).  No reply has
been filed and the time for such has expired.

Having reviewed the submissions of the parties, the Court is prepared to rule on

these pending motions.[1]

## BACKGROUND

Plaintiff filed his Complaint on October 13, 2009, alleging discrimination

and harassment.  (Doc. 1.) He also filed a Motion to Proceed Without Prepayment

of Fees (*IFP* Application) with attached affidavit of financial status. (Doc. 3,

---

[1]  Defendants have also filed their "Motion to Dismiss Individually Named
Defendants and Substitute the United States as Proper Party Defendant."  (Doc. 34.)
Because this motion is dispositive in nature, it is pending before the District Court.
Plaintiff has also filed his "Motion to Remand this Case Back to the VA EEO's
Investigator for Further Proceedings or Hold Action in Abeyance, to Allow Martinez to
Proceed with Discovery" (Doc. 51), which is not yet ripe as Plaintiff's time to file a Reply
has not expired.

sealed.) In regard to that motion, the undersigned Magistrate Judge – considering Plaintiff's significant cash on hand as well as substantial equity in his home and at least one automobile – recommended to the District Court that Plaintiff's motion for *IFP* status be denied. (Doc. 5.) Since that time, service has been executed on the various Defendants (Docs. 7-13, 15), Plaintiff has served extensive discovery requests (Docs. 18, 21 - 26, 32 ), defense counsel has entered appearances (Docs. 19, 33), Defendants have been granted additional time – until March 31, 2010 – to file their Answers (Doc. 46), and the parties have filed the numerous motions enumerated above.

## DISCUSSION

**A.    Plaintiff's "Motion to Deny Federal US Attorney Representation for the Above Defendants Who Have Been Sued As Individuals and Engaged in Acts Outside Their Course of Employment" (Doc. 6).**

In his first motion, Plaintiff argues that Defendants' alleged discrimination and harassment of him took place outside the scope of Defendants' employment and, therefore, "the federal government should not use tax payer's dollars to defend" them. (Doc. 6, at 2-3.) Defendants respond that "Plaintiff's statements are merely his characterizations and conclusions and constitute the ultimate issues and causes of action to be decided in Plaintiff's case." (Doc. 17, at 2-3.) They also argue that "the inclusion of individual Defendants in a Complaint asserting

discrimination in the federal workplace is improper." (*Id.*, at 3.) Defendants

further contend that "[t]he Attorney General, through his designee, the United

States Attorney, is currently in the process of gathering information and

determining the scope of the employment issue."[2] (*Id.*) Finally, Defendants point

out that the time for them to even answer or otherwise plead to Plaintiff's

Complaint has yet to expire. (*Id.*, at 3-4; *see also* Doc. 46.)

The Court finds Defendants' arguments to be valid. Plaintiff has made no

showing beyond his mere conclusory allegations that representation should be

denied. Further, considering the certification filed under authority of the U.S.

Attorney General (*see supra* n.2), the Court **DENIES** Plaintiff's motion (Doc. 6).

**B.      Plaintiff's "Motion to Hold Action in Abeyance" (Doc. 20).**

Plaintiff next moves the Court to hold the present action "in abeyance

pending the Attorney General's investigation to determine if the Attorney General

will represent certain defendants to conclusion, partial or deny legal representation

all together [sic]." (Doc. 20, at 2.)

---

[2] Since the filing of Defendants' response, the United States Department of Justice has authorized the United States Attorney for the District of Kansas to represent the individual Defendants. (*See* Doc. 33.) Also, the U.S. Attorney, by virtue of the authority vested in him by the U.S. Attorney General pursuant to 28 C.F.R. § 15.4, has formally certified that the individually named Defendants "were acting within the scope of their employment with the Department of Veterans Affairs at the time of the conduct alleged in the complaint." (Doc. 35-1.)

> Plaintiff argues this case should set precedence for
> federal employees who commit willful acts releasing the
> federal government of any responsibility for federal
> employees who go outside their course of employment.
> Further, federal employees will continue to be untruthful
> thinking the federal government wants them to lie since
> the federal government is representing them.

(*Id.*, at 3.)  Defendants respond that "[t]o the extent the individual Defendants are

entitled to representation by the United States, they are entitled to such

representation throughout each and every stage of the litigation including

discovery."  (Doc. 27, at 2.)  Defendants argue that "[a]llowance of Plaintiff's

premature discovery, served prior to resolution of representation issues and prior to

Defendants' answer date, thwarts the legal representation to which the Defendants

are entitled by law throughout the course of this litigation."  (*Id.*, at 3.)  The Court

agrees with Defendants' analysis.

Additionally, since the filing of Plaintiff's motion, the United States

Department of Justice has authorized the United States Attorney for the District of

Kansas to represent the individual Defendants.  (*See* Doc. 33.)  The U.S. Attorney,

by virtue of the authority vested in him by the U.S. Attorney General pursuant to

28 C.F.R. § 15.4, also has formally certified that the individually named

Defendants "were acting within the scope of their employment with the

Department of Veterans Affairs at the time of the conduct alleged in the

complaint." (Doc. 35-1.)  As such, the Court **DENIES** Plaintiff's motion as **moot**.[3]

**C.**     **Plaintiff's Motion to Strike Defendant Eric Shinseki Response to Plaintiff's Motions as There is No Attorney of Record for the Remaining Above Defendants" (Doc. 28)**.

Plaintiff next argues that the responses to his motions should be stricken as to any individually named Defendants other than Eric Shinseki because no attorney of record had entered an appearance on behalf of these Defendants.  (Doc. 28.)  He contends that the "U.S. Attorney does not have the authority to answer plaintiff's motions on behalf of" the other named Defendants and to do so "would be the **unauthorized practice of law**" on the part of such attorney.  (*Id*., at 3, emphasis in original.)

The Court acknowledges that assistant U.S. Attorney Emily Metzger initially entered an appearance only on behalf of Defendant Shinseki, Secretary of Veterans Affairs.  (Doc. 19.)  Since that time, however, Ms. Metzger has entered an appearance on behalf of all remaining Defendants.  (Doc. 33.)  Plaintiff's motion (Doc. 28) is, therefore **DENIED as moot**.

**D.**     **Plaintiff's "Motion for Leave to File Motion in Excess of 30 Pages to**

---

[3] Given the sheer volume of filings Plaintiff has made in this case, as well as the extensive discovery he has served (the timeliness of which is discussed below), the Court is somewhat confused as to his intentions with holding the case "in abeyance."

**Prove to the Court Plaintiff has Standing to File a Cause of Action Against Individual Federal Employees" (Doc. 30)**.

Plaintiff's next motion requests "permission to file documents and things in excess of 30 pages." (Doc. 30, at 3.) He argues that he "intends to present to this court various documents to include, but not limited to, portions of defendant's deposition made to the EEO investigator, affidavits, interrogatories, documents and admissions as part of plaintiff's argument, which will be in excess of 30 pages." (*Id*., at 4.)

Defendant points out that the page limitation expressed in D. Kan. Rule 7.1(e) does not apply to attachments and exhibits. (Doc. 39, at 2.) As such, Defendant contends that this motion should be "denied as unnecessary at this time." (Doc. 39, at 2.)

In his reply, Plaintiff thanks defense counsel for explaining this aspect of the rule, as he "has been struggling trying to be creative in order to get the documents submitted on top of the 30 pages." (Doc. 44, at 2.) Plaintiff also clarifies that the present motion is merely a "catchall motion to exceed 30 pages to support plaintiff's standing position to answer summary judgment and other motions . . ." (*Id*.)

Thus, by Plaintiff's own admission, the present motion is premature. There is no currently pending submission that Plaintiff seeks to file in excess of 30 pages.

The Court will not enter a standing order allowing Plaintiff to file any pleadings in excess of the page limitations of D. Kan. Rule. 7.1.  As such, the Court **DENIES** Plaintiff's motion, **without prejudice**, subject to renewal in the context of a specific, pending filing he intends to file which may need to be in excess of the page limitation of D. Kan. Rule 7.1.

**E.      Defendants' "Motion for Entry of Protective Order Striking Plaintiff's Untimely Discovery and Prohibiting Further Untimely Discovery" (Doc. 36).**

Defendants only pending motion requests a protective order striking Plaintiff's pending discovery requests (Docs. 18, 21-26, 32) and prohibiting additional untimely discovery.  (Doc. 36, at 2.)  Pursuant to Fed. R. Civ. P. 26(d),

> [a] party may not seek discovery from any source before
> the parties have conferred as required by Rule 26(f),
> except in a proceeding exempted from initial disclosure
> under Rule 26(a)(1)(B), or when authorized by these
> rules, by stipulation, or by court order.

The present matter does not fall within one of the exceptions enumerated in Fed. R. Civ. P. 26(a)(1)(B), Plaintiff has cited no rule allowing the discovery, the parties have not stipulated to allow early discovery, and Plaintiff did not request the Court's permission to serve discovery at issue prior to doing so.  As such, Defendants' motion is **GRANTED**.  Plaintiff's currently filed discovery requests (Docs. 18, 21, 22, 23, 24, 25, 26, and 32) are hereby stricken.  Plaintiff may,

however, file appropriately timed discovery requests following the parties Rule

26(f) conference, which has yet to occur.  The Court will shortly set a deadline for

the Rule 26(f) conference and for a scheduling conference.

**F.      Plaintiff's "Motions a Request [sic] for the Court to Order Discovery and to Hold Action in Abeyance for the Substitution of the Federal Government in Place of the Named Defendants Pending the Completion of Discovery and Motions the Court to Allow 42 U.S.C. § 1981" (Doc. 41).**

Finally, the Court's analysis turns to Plaintiff's motion to order discovery

and request to have the matter held in abeyance – particularly relating to

Defendants' pending motion to dismiss the individual Defendants and substitute

the United States of America as the appropriate Defendant (Doc. 34) – until

Plaintiff is allowed to complete such discovery.  (Doc. 41.)  Plaintiff argues that

> [i]f the courts grant substitution without first allowing
> [Plaintiff] Martinez to complete his discovery, the court
> would have granted substitution on the basis of flawed,
> and incomplete investigation by the veteran
> administration EEO, and the mere words of Lanny D.
> Welch, Kansas U.S. Attorney who issued the certification
> under 28 C.F.R. § 15.4.  Martinez argues this would be
> injustice since Martinez would NOT be able to present
> his facts of evidence to prove his case.  The only
> evidence available would be the tainted, unskilled, and
> incomplete evidence obtained from the VA EEO
> investigator.

(Doc. 41, at 5.)  Plaintiff also contends that the Due Process Clause would be

violated if he was not allowed to conduct discovery and potentially "amend his

9

complaint to conform to the evidence." (*Id*., at 2.)

Defendants respond that "no discovery as to the scope of employment is warranted because, for purposes of the Motion to Dismiss and for Substitution only, Defendants accept the allegations of Plaintiff's complaint concerning misrepresentation and perjury as established." (Doc. 50, at 2-3.) As for Plaintiff's suggestion that he may need to file an Amended Complaint to "conform to the evidence," Defendants argue that "Plaintiff's request for discovery on an undefined, unfiled, speculative pleading is not authorized by law and is not ripe for decision by this Court." (*Id*., at 3.)

Plaintiff has not established how or why discovery would assist the District Court in determining the issues of law present in Defendants' Motion to Dismiss and for Substitution. (Doc. 34.) Although Plaintiff argues not allowing discovery would be an "injustice" because he would not "be able to present his facts of evidence to prove his case," the Defendant's pending Motion to Dismiss will not be decided on "evidence" – rather, it will be decided on the allegations contained in Plaintiff's Complaint. Further, Defendant is correct that Plaintiff's discussion of the potential need to amend his Complaint to conform to evidence that *may* be found through discovery is nothing more than mere speculation. Plaintiff has advanced no currently known basis to amend his Complaint and he has made no

attempt to amend.  As such, the Court will not allow him permission to conduct early discovery on mere speculation that evidence might exist that would justify amendment.  Plaintiff's motion is, therefore, **DENIED**.

Finally, the Court notes that the docket sheet in this case shows Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) and the magistrate judge's Report and Recommendation concerning that motion (Doc. 5) as still pending.  However, Plaintiff paid the filing fee after those entries, *see* minute entry of 12/28/2009, therefore both of those matters are now MOOT and are withdrawn.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Deny Federal US Attorney Representation for the Above Defendants Who Have Been Sued As Individuals and Engaged in Acts Outside Their Course of Employment" (Doc. 6) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Hold Action in Abeyance" (Doc. 20) is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Defendant Eric Shinseki Response to Plaintiff's Motions as There is No Attorney of Records for the Remaining Above Defendants" (Doc. 28) is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave to File

Motion in Excess of 30 Pages to Prove to the Court Plaintiff has Standing to File a

Cause of Action Against Individual Federal Employees" (Doc. 30) is hereby

**DENIED without prejudice** subject to renewal in the context of a specifically

identified filing.

IT IS FURTHER ORDERED that Defendants' "Motion for Entry of

Protective Order Striking Plaintiff's Untimely Discovery and Prohibiting Further

Untimely Discovery" (Doc. 36) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's "Motions a Request [sic] for

the Court to Order Discovery and to Hold Action in Abeyance for the Substitution

of the Federal Government in Place of the Named Defendants Pending the

Completion of Discovery and Motions the Court to Allow 42 U.S.C. § 1981" (Doc.

41) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed

in Forma Pauperis (Doc. 3) and the magistrate judge's Report and

Recommendation concerning that motion (Doc. 5) are hereby **MOOT** and are

withdrawn.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 26th day of March, 2010.

s/ DONALD W. BOSTWICK

DONALD W. BOSTWICK
United States Magistrate Judge
