IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

DANIEL A. MARTINEZ, )
 )
 Plaintiff, )
 )
 v. ) Case No. 09-1313-WEB
 )
ERIC K. SHINSEKI, SECRETARY OF )
VETERANS AFFAIRS; UNITED STATES )
OF AMERICA, )
 )
 Defendants. )

MEMORANDUM AND ORDER

Before the court is the Defendant's Motion to Dismiss (Doc. 34) and the Plaintiff's Motion to Remand (Doc. 51). For the reasons stated below, the Defendant's Motion to Dismiss is granted, and the Plaintiff's Motion to Remand is denied.

I. Government's Motion to Dismiss

The Government's Motion to Dismiss argues that the first, second, third, fourth, fifth, and twelfth causes of action should be dismissed as to the individual defendants. The Government argues that Title VII is the exclusive remedy for claims of discrimination in federal employment, and the Plaintiff may not assert a separate, non-distinct claim based on workplace treatment. Therefore, the individually named Defendants should be dismissed. The Government argues that in the Plaintiff's sixth, seventh, eighth, ninth, tenth and eleventh causes of action, the United States should be substituted as the sole party. The Government argues that the United States Attorney has certified the Defendants were acting within their scope of employment, and that the action must be against the United States, not the individually named Defendants.

a. Claim 6, 7, 8, 9, 10 and 11

The Westfall Act accords federal employees absolute immunity from tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1). The Attorney General may certify that a federal employee named in a suit "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). After the court grants the certification, the United States is substituted as the defendant, and the action is governed by the Federal Tort Claims Act. Id.

The Supreme Court found that the Attorney General's scope of employment determination is subject to judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 436, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). Courts consider the scope of employment issue de novo based on the state law of the place where the employment relationship exists. Harbury v. Hayden, 522 F.3d 413, 417 (C.A. D.C. 2008). Most states apply the scope of employment test very broadly, so as to allow a plaintiff to recover from a financially secure entity instead of a financially unsecure individual. See Restatement (Third) of Agency § 2.04 cmt. B (2006). In Kansas, "[A]n employee acts within the scope of employment if he or she performs services for which he or she has been employed or does anything reasonably incidental to the employment. 'The test is not necessarily whether the specific conduct was expressly authorized or forbidden by the employer, but whether such conduct should have been fairly foreseen from the nature of the employment and the duties relating to it.'" Prugue v. Monley, 29 Kan.App.2d 635, 641, 28 P.3d 1046 (2001), citing Commerce Bank of St. Joseph v. State, 251 Kan. 207, 210, 833 P.2d 996 (1992).

The Plaintiff's sixth, seventh, eighth, ninth, tenth, and eleventh cause of action state that individually named employees willfully concealed and misrepresented a material fact to the VA. The Plaintiff alleges the individuals concealed the truth of the matter and lied under oath. The court's understanding is that the Plaintiff is alleging the individuals made these statements during the VA's investigation of the Plaintiff's complaints. An interview of an employee, by the employer, relating to incidents that occurred at work, is clearly within the scope of the employment. An internal investigation and interview is reasonably related to employment. The court grants certification, and the United States is substituted as the sole party Defendant as to claim six, seven, eight, nine, ten and eleven.

b. Claim 1, 2, 3, 4, 5 and 12

A federal employee is authorized to file suit under 42 U.S.C. § 2000e-16(c) for discrimination based on race, color, religion, sex, or national origin. Dossa v. Wynne, 529 F.3d 911, 915 (10th Cir. 2008). The proper defendant in a federal discrimination claim under Title VII is the head of the agency or department. 42 U.S.C. § 2000e-16(c); Hall v. Small Business Admin., 695 F.2d 175, 180 (5th Cir. 1983). Therefore, the head of the agency will be substituted as the proper defendant, and all the individually named defendants are dismissed.

II. Motion to Remand

Plaintiff filed a Motion to Remand, in which he requests the court hold the action in abeyance and remand the case back to the EEO investigator with specific instructions to have an outside non-governmental investigator follow up on the VA EEO's investigation. The Plaintiff does not provide a legal basis for this request, and the arguments made in support appear to address the Defendant's Motion to Dismiss instead of the Plaintiff's Motion to Remand. The

Plaintiff also attempts to assert a claim of defamation, however, that claim is not plead in the Plaintiff's complaint, and is not properly before the court.

The Plaintiff filed this action pursuant to Title VII of the Civil Rights Act, alleging discrimination, harassment, retaliation, unsafe working conditions, failing to accommodate disability, and age discrimination. Title VII is the exclusive remedy for claims of discrimination in federal employment. Brown v. General Services Administration, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Federal regulations provide for administrative procedures for federal employees to file a complaint or a grievance. In this case, the Plaintiff filed a complaint and the VA conducted an investigation. After the Department of Veterans Affairs issued the final order, the complainant can appeal to the Equal Employment Opportunity Commission, or file a civil action in federal court. 29 C.F.R. § 1614.110(a) and (b). The Plaintiff chose to file a civil action. However, once a complainant has filed a civil action, the regulations do not allow remand for further investigation. As the United States pointed out, filing a civil action terminates the administrative process of the appeal. 29 C.F.R. § 1614.409. This court does not have the authority to remand the matter back to the EEO. The Plaintiff's Motion to Remand is denied.

III. Conclusion

IT IS THEREFORE ORDERED the Defendant's Motion to Dismiss (Doc. 34) is GRANTED. The court grants the Government's certification, and the United States is substituted as the sole party Defendant as to claim six, seven, eight, nine, ten and eleven. The head of the agency, Eric K. Shinseki, will be substituted as the proper defendant, and all the individually named defendants are dismissed as to claim one, two, three, four, five and twelve.

The Plaintiff's Motion for Remand (Doc. 51) is DENIED.

IT IS SO ORDERED this 11th day of June, 2010.

    s/ Wesley E. Brown
Judge Wesley E. Brown
Senior District Court Judge